UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **ENRIQUE ZAYAS,** : | |
| Petitioner, : | |
| : | **Crim. No. 3:98CR179 (AHN)** |
| v. : | **Civ. No. 3:02CV1559 (AHN)** |
| : | |
| **UNITED STATES OF AMERICA,** : | |
| Respondent. : | |

**RULING ON PETITION FOR WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2255**

Petitioner Enrique Zayas ("Zayas") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2255, requesting that his January 3, 2002, conviction be vacated, set aside, and/or corrected. Zayas pleaded guilty to conspiracy to possess with intent to distribute and distribution of cocaine and crack cocaine, in violation of Title 21 U.S.C. §§ 841(a)(1) & 846. He was sentenced to 174 months imprisonment and 30 years supervised release. He now challenges his sentence on several grounds, including Apprendi v. New Jersey, 530 U.S. 466 (2000), and ineffective assistance of counsel. As set forth below, his petition [dkt. # 613] is denied.

BACKGROUND

Zayas was a member of a narcotics trafficking organization that supplied cocaine and crack cocaine to distributors in Bridgeport, Connecticut. On October 8, 1998, he was indicted in connection with those activities. On March 30, 1999, Zayas

pleaded guilty to count one of the indictment which charged him with conspiracy to possess with intent to distribute and distribution of an unspecified quantity of cocaine and crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) & 846.  Although Zayas conceded that the violation involved five kilograms or more of cocaine, he denied distributing crack cocaine.  The court explained that, by pleading guilty to the conspiracy in count one, Zayas could be punished for distributing crack cocaine even if he had not personally distributed it.  The parties agreed that it was sufficient for Zayas to plead guilty to a conspiracy involving five kilograms or more of cocaine and that "[t]he actual nature of the narcotics involved in the conspiracy and the extent and the degree of Mr. Zayas's personal participation with different substances . . . would be an issue at the time of sentencing."

At his sentencing, on June 26, 2000, the issue regarding the nature of the drugs was resolved when Zayas admitted that knew that the conspiracy also involved distributing crack cocaine.  However, at the sentencing hearing, neither Zayas nor his attorney advised the court that Zayas had filed, that same day, a motion to withdraw his guilty plea on the ground that it was insufficiently knowing and intelligent and that he had submitted a psychologist's report that suggested he had a low intelligence quotient.  Because this motion was not brought to the court's

attention, the court entered a judgment of conviction and sentenced Zayas to 180 months of imprisonment and 30 years of supervised release without considering the motion.

On direct appeal, Zayas argued that his plea had not been knowing and intelligent and cited the psychologist's report. Finding that the district court had entered judgment without first ruling on the motion to withdraw Zayas's plea, the Second Circuit vacated the judgment and remanded for an evidentiary hearing on his motion.  See United States v. Zayas, 11 Fed.Appx. 32 (2d Cir. 2001).

On January 2, 2002, the court conducted a hearing pursuant to the remand.  At that hearing, Zayas withdrew his motion to withdraw his plea after he realized that, with the guilty plea vacated, he would be exposed to a greater term of imprisonment. Accordingly, the court resentenced Zayas, this time to 174 months imprisonment and 30 years supervised release.  Even though the Second Circuit remand explicitly permitted Zayas to file an appeal, see United States v. Zayas, 11 Fed.Appx. 32 (2d Cir. 2001), he did not do so and his conviction became final 10 days later on January 12, 2002.  See Clay v. United States, 537 U.S. 522, 525 & 527 (2003) (conviction becomes final, inter alia, when the time to file an appeal expires); Fed. R. App. P. 4(b). Thereafter, on September 9, 2002, Zayas timely filed the instant petition for habeas relief.

DISCUSSION

Zayas now seeks collateral relief pursuant to § 2255 on the grounds that: (1) his sentence was imposed in violation of due process; (2) his sentence violates the rule in Apprendi; (3) the court lacked jurisdiction to sentence him because the indictment failed to charge drug quantity; and (4) he received ineffective assistance of counsel.  The government submits that Zayas's petition is without merit.  The court agrees.

I.   Due Process

Zayas claims that he is entitled to habeas relief by virtue of the fact that his sentence violates due process.  In particular, he contends that the court imposed a higher sentence based on its finding that he conspired to possess and distribute crack cocaine even though the plea agreement that he entered into only mentioned powder cocaine.

"The Due Process Clause 'is plainly implicated at sentencing,'" but "does not require at sentencing 'all the procedural safeguards and strict evidentiary limitations of the criminal trial itself.'" United States v. Martinez, No. 04-2075-CR, 2005 WL 1492079, at *4 (2d Cir. June 24, 2005) (quoting United States v. Fatico, 603 F.2d 1053, 1054 (2d Cir. 1979)).  This means that "disputed facts relevant to sentencing need be proven only by a preponderance of the evidence."  United States v. Kim, 193 F.3d 567, 575 (2d Cir. 1999).  See also United States

4

v. Gonzalez, 407 F.3d 118, 125 (2d Cir. 2005) (stating that district court's discretion to resolve disputed facts by the preponderance of the evidence endures post-Booker) (citing United States v. Crosby, 397 F.3d 103, 112 (2d Cir. 2005)).

In this case, Zayas's right to due process at sentencing was not violated because Zayas admitted that he knew that the conspiracy to which he had pleaded guilty involved crack cocaine. Based on that admission, the fact that the plea agreement did not mention crack cocaine is irrelevant because he agreed to plead guilty to the count of the indictment that charged a conspiracy involving both cocaine and crack cocaine. Thus, because he admitted to a conspiratorial agreement to possess and distribute crack cocaine and because the distribution of crack cocaine was in furtherance of and a reasonably foreseeable consequence of that agreement, the court properly attributed both substances to Zayas. See, e.g., United States v. Pimentel, 83 F.3d 55, 58 (2d Cir. 1996) (finding that coconspirator who does not directly commit a substantive offense may be liable for that offense even though it was committed by another coconspirator as long as the act was in furtherance of the conspiracy and was a reasonably foreseeable consequence of the conspiratorial agreement). Accordingly, because Zayas's right to due process at sentencing was not violated, Zayas is not entitled to habeas relief on this ground.

II. Apprendi

Zayas also claims that the court should grant him relief on his habeas petition because his sentence violates the rule in Apprendi. Under Apprendi, any fact, other than a prior conviction, that increases a penalty beyond the proscribed statutory maximum must be submitted to a jury and proven beyond a reasonable doubt.[1] See United States v. Luciano, 311 F.3d 146, 149-50 (2d Cir. 2002). However, "[e]ven if . . . not charged in the indictment or found by the jury, . . . drug . . . quantity may be used to determine the appropriate sentence so long as the sentence imposed is not greater than the maximum penalty authorized by statute for the offense charged in the indictment and found by a jury." Id. at 150 (quoting United States v. Thomas, 274 F.3d 655 (2d Cir. 2001)).

In this case, the sentence the court imposed does not violate the rule in Apprendi because it does not exceed the applicable statutory maximum. The court imposed a 174-month sentence based on Zayas's plea of guilty to conspiracy to possess and to distribute cocaine in violation of §§ 841(a)(1) and 846; his concession that the conspiracy involved five kilograms or more of cocaine; and, his admission that he knew the conspiracy

---

[1] For purposes of this ruling, the court applies Apprendi and its progeny as understood at the time Zayas's conviction became final, and disregards the change in sentencing law effected by United States v. Booker, 125 S.Ct. 738 (2005).

also involved crack cocaine.  Under § 841(b)(1)(A), "a violation . . . involving 5 kilograms or more of . . . cocaine . . . [is punishable for] a term of imprisonment which may not be less than 10 years or more than life . . ."  21 U.S.C. § 841(b)(1)(A). Because the 174-month sentence that Zayas received did not exceed the statutory maximum of lifetime imprisonment permitted under § 841(b)(1)(A), no Apprendi violation occurred.  See Thomas, 274 F.3d at 664 ("Apprendi does not apply where the sentence imposed is not greater than the prescribed statutory maximum").  See also United States v. Harris, 536 U.S. 545, 565 (2002) (holding that facts which increase the applicable mandatory minimum penalty can be treated as "sentencing factors" and do not require submission to a jury or proof beyond a reasonable doubt).  Zayas's petition is therefore denied on this basis as well.

III. Lack of Jurisdiction

Next, Zayas claims that he is entitled to habeas relief because the court lacked jurisdiction to impose a sentence under § 841(a)(1) by virtue of the fact that the indictment did not charge drug quantity.  However, under the then-existing sentencing law, "[e]ven if . . . not charged in the indictment or found by the jury, . . . drug . . . quantity may be used to determine the appropriate sentence so long as the sentence imposed is not greater than the maximum penalty authorized by statute for the offense charged in the indictment and found by a

jury." See Luciano, 311 F.3d at 150 (quoting United States v. Thomas, 274 F.3d 655 (2d Cir. 2001)). Because the 174-month sentence that Zayas received did not exceed the maximum statutory penalty of lifetime imprisonment under § 841(b)(1)(a), the then-existing sentencing law did not require that drug quantity be alleged in the indictment or stipulated in the plea agreement. See id.; 21 U.S.C. § 841(b)(1)(a). Accordingly, Zayas's petition is denied on this basis also.

IV. Ineffective Assistance of Counsel

Finally, Zayas claims that he did not receive effective assistance of counsel. In particular, Zayas submits that, after the sentencing on remand, counsel failed to pursue a second appeal even though he instructed counsel to do so.

Ineffective assistance of counsel claims based on counsel's failure to pursue an appeal must meet the "cause" and "prejudice" standard under Strickland v. Washington, 466 U.S. 668, 687 (1984). See Garcia v. United States, 278 F.3d 134, 137-38 (2d Cir. 2002) (citing Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000)). A petitioner must show (1) that counsel acted unreasonably by disregarding a specific instruction to file an appeal, see id., and (2) a reasonable probability that he would have timely appealed but for counsel's failure to do so. See Flores-Ortega, 528 U.S. at 484. However, "[a]s with all applications of the Strickland test, the question whether a given

8

defendant has made the requisite showing will turn on the facts of a particular case." Id. at 485.

Based on the facts in this case, Zayas is not entitled to habeas relief because, unlike the petitioner in Flores-Ortega, counsel's refusal to file a second appeal did not deprive him of his right to an initial direct appeal. See id. Rather, the record clearly demonstrates that appellate counsel filed an initial appeal on the ground that Zayas's guilty plea was not knowing and intelligent, and, indeed, counsel obtained a remand on that basis. As noted by the Second Circuit, appellate counsel "invested a good deal of time" with regard to Zayas's case. Zayas, 32 Fed.Appx. at 11. Merley because appellate counsel refused to file yet another appeal after Zayas was sentenced on the remand does not mean that counsel performed unreasonably under Strickland.

Nonetheless, even assuming that it was "professionally unreasonable" for counsel to disregard Zayas's request to file a second appeal, see Garcia, 278 F.3d at 137, Zayas's claim still fails because he does not demonstrate the requisite prejudice, i.e., he does not identify what claims he would have raised in a second appeal. Although prejudice is generally presumed when counsel refuses to file an initial appeal, see Garcia, 278 F.3d at 137, the court finds that, where, as here, the forfeited appeal is a second appeal, and not an initial one, the petitioner

9

must demonstrate the existence of some nonfrivolous ground that he would have raised in a subsequent appeal in order to establish prejudice.  This heightened burden is justified by the fact that, contrary to <u>Flores-Ortega</u>, Zayas received the benefit of having counsel "review[] the record . . . in search of potentially meritorious grounds for appeal."  <u>See</u> 120 528 U.S. at 486.  As already noted, counsel filed an appeal and obtained a remand.  Merely because counsel did not file a second appeal after the sentencing on remand does not mean, <u>per se</u>, that Zayas was prejudiced because, apart from the fact that Zayas withdrew his motion to withdraw his guilty plea, no new issues arose between the time of the first appeal and the resentencing.  Absent any evidence to the contrary, the court must conclude that counsel would have identified and raised any other nonfrivolous grounds for an appeal on his initial review of Zayas's case.[2]  <u>See</u> <u>Strickland</u>, 466 U.S. at 689 (reasoning that "[j]udicial scrutiny of counsel's performance must be highly deferential").  Because Zayas has failed to show that other appealable issues existed, he

---

[2] For the same reason, the court also rejects Zayas's claim to the extent that he argues counsel should have filed a second appeal on the basis that he was improperly sentenced for a conspiracy involving crack cocaine and that the indictment was defective because it did not specify drug quantity.  These arguments were available to counsel on his initial review of the case and he chose not to make them.  Based on the standard in <u>Strickland</u>, and with nothing in the record to indicate otherwise, the court presumes that counsel chose to forgo those arguments because he did not deem them strong ones.

cannot now establish that he was prejudiced by counsel's refusal to file a second appeal.

In addition, the court has considered the other grounds on which Zayas brings his ineffective assistance of counsel claim and finds that they too are without merit.  In particular, Zayas submits that he did not receive effective assistance of counsel at either the initial sentencing or the sentencing on remand by virtue of the fact that counsel failed to object to the sentence the court imposed on the basis that he had pleaded guilty to a conspiracy involving only powder cocaine.  However, as discussed in Section I, supra, because Zayas conceded that he knew the conspiracy also involved crack cocaine it was not improper for the court to sentence him on that basis as well.  It was reasonable, therefore, for counsel not to raise an objection on that basis.  See Strickland, 466 U.S. at 688 (basing "performance inquiry . . . [on] whether counsel's assistance was reasonable considering all the circumstances").  Similarly, because the indictment need not have stipulated drug quantity for purposes of imposing a penalty under § 841(b), See Luciano, 311 F.3d at 150 (quoting United States v. Thomas, 274 F.3d 655 (2d Cir. 2001)), counsel was also not deficient for not opposing the indictment.  See id.

11

CONCLUSION

For the foregoing reasons, Zayas's petition for a writ of habeas corpus [dkt. # 613] is DENIED.  Because Zayas fails to make a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue.  See 28 U.S.C. § 2253(a)(2).

So ordered this ___ day of August, 2005, at Bridgeport, Connecticut.

                                              Alan H. Nevas
                                              United States District Judge